# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-50286
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 23, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LUIS ANTONIO GUERRA-PALOMO,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:17-CR-924-1

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

Luis Antonio Guerra-Palomo appeals the 24-month, above-guidelines sentence imposed following his guilty plea conviction for illegal reentry into the United States after removal. He argues that the sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). Guerra-Palomo contends that the sentence overstates the seriousness of his offense and

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

criminal history and fails to provide just punishment for that offense. He further urges that the sentence overstates the need to protect the public and promote respect for the law, and fails to adequately account for his personal history and circumstances, including the presence of his family in Mexico, his history of long-term employment in that country, and his lack of a record of violence or abuse.

We review sentences for substantive reasonableness, in light of the § 3553(a) factors, under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). In previous cases, we have rejected the arguments that the Guidelines overstate the seriousness of illegal reentry because it is a mere trespass offense, *see United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008), and that the Guidelines' double-counting of criminal history for illegal reentry renders a sentence unreasonable, *see United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). Further, the district court properly relied on Guerra-Palomo's prior conviction in imposing an above-guidelines sentence. *See United States v. Fraga*, 704 F.3d 432, 440 (5th Cir. 2013). His remaining arguments amount to disagreement with the district court's weighing of the § 3553(a) factors and fail to show that the district court abused its discretion. *See United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016); *see also Gall*, 552 U.S. at 51 ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.") The record reflects the district court listened to and considered Guerra-Palomo's arguments in favor of a lower sentence and rejected them, which was sufficient. *See Rita v. United States*, 551 U.S. 338, 356-58 (2007).

Guerra-Palomo has not shown that the district court failed to consider any significant factors, gave undue weight to any improper factor, or clearly

No. 18-50286

erred in balancing the sentencing factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). The judgement of the district court is AFFIRMED.